UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RASCHID ZIMMERMAN,

            Petitioner,

                                        CASE NO. 5:03-CV-60173

   v.                           JUDGE MARIANNE O. BATTANI

                                        MAGISTRATE JUDGE PAUL J. KOMIVES

BARRY D. DAVIS,

            Respondent.[1]
_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

| | | |
|---|---|---|
| I. | RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| II. | REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| | A. *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| | B. *Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 |
| | C. *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 |
| | D. *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8 |
| |     1. *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 8 |
| |     2. *Petitioner's Entitlement to Relief on the Current Record* . . . . . . . . . . . . . . . . . . . . . . | 9 |
| |     3. *Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| |         a. Necessity of an Evidentiary Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 |
| |         b. Permissibility of an Evidentiary Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13 |
| | E. *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| III. | NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 |

\*      \*      \*      \*      \*

I.     RECOMMENDATION: The Court should reject respondent's argument that petitioner's

claims are barred by a state court procedural default, and should conclude that petitioner is entitled

to an evidentiary hearing under 28 U.S.C. § 2254(e)(2) and Rule 8, 28 U.S.C. foll. § 2254.

Accordingly, the Court should grant petitioner's motion for an evidentiary hearing (docket #21) and

either conduct such a hearing or refer the matter back to me for that purpose. If the Court rejects

---

[1]By Order entered this date, Barry D. Davis has been substituted in place of Hugh Wolfenbarger as the proper respondent in this action.

this recommendation, the Court should deny the petition because the record as it currently stands does not establish that petitioner's trial and appellate counsel rendered constitutionally ineffective assistance.

II.     REPORT:

A.     *Procedural History*

1.     Petitioner Raschid Zimmerman is a state prisoner, currently confined at the Newberry Correctional Facility in Newberry, Michigan.

2.     On December 14, 1999, petitioner was convicted of two counts of second degree murder, MICH. COMP. LAWS § 750.317; and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a bench trial in the Wayne County Circuit Court.  On January 6, 2000, he was sentenced as a second habitual offender to concurrent terms of 30-50 years' imprisonment on the murder convictions, and to a mandatory consecutive term of two years' imprisonment on the felony-firearm conviction.

Petitioner's convictions arise from the shooting deaths of two victims on February 1, 1999, at a party at which a number of people were watching the Super Bowl and gambling.  Prior to trial, petitioner signed and filed a waiver of jury trial.  The evidence against petitioner consisted primarily of the testimony of people present at the party.  Petitioner presented an alibi defense, although he did not himself testify.

3.     Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.     THE INTRODUCTION OF OTHER BAD AND CRIMINAL ACTS OF THE DEFENDANT WAS MORE PREJUDICIAL THAN PROBATIVE AND RESULTED IN ABUSE OF DISCRETION, REQUIRING THIS COURT TO REVERSE THE DECISION AND ORDER A NEW TRIAL.

2

> FURTHERMORE, DEFENDANT'S DUE PROCESS RIGHTS WERE
> VIOLATED WHEN THE PROSECUTOR FAILED TO GIVE
> REASONABLE NOTICE TO DEFENDANT CONCERNING THESE
> ACTS AND THE JUDGE FAILED TO RENDER A DECISION
> CONCERNING THE MOTION WHICH WAS ARGUED IN FRONT OF
> THE COURT CONCERNING THEM.
>
> II.    THE TRIAL JUDGE CREATED REVERSIBLE ERROR WHEN SHE
>        DECIDED TO ALLOW IN EVIDENCE THAT ONE OF THE VICTIMS
>        CLAIMED TO HAVE WON $1,500 FROM THE DEFENDANT IN A DICE
>        GAME ON THE BASIS OF AN EXCITED UTTERANCE.

Petitioner filed a *pro per* supplemental brief raising one additional claim:

> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL
> AT TRIAL GUARANTEED BY THE SIXTH AMENDMENT AND CONST. 1963,
> ART. 1, SECTION 20.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence.

*See People v. Zimmerman*, No. 225984, 2002 WL 483428 (Mich. Ct. App. Mar. 29, 2002) (per

curiam).

4.      Petitioner, proceeding *pro se*, sought leave to appeal these three issues to the

Michigan Supreme Court.  Petitioner also raised a fourth claim alleging ineffective assistance of

appellate counsel.  The Supreme Court denied petitioner's application for leave to appeal in a

standard order.  *See People v. Zimmerman*, 467 Mich. 895, 654 N.W.2d 327 (2002).

5.      Petitioner, proceeding *pro se*, filed an application for the writ of habeas corpus in this

Court on August 12, 2003.  As grounds for the writ, petitioner's application claims that he suffered

a constructive denial of counsel by counsel's failure to meet and confer with him prior to trial.  On

March 4, 2004, the Court entered an Order granting in part petitioner's motion to dismiss and

holding the case in abeyance pending his exhaustion of the claim raised in the petition.

6.      On April 5, 2004, petitioner filed motions for new trial and an evidentiary hearing

3

2:03-cv-60173-MOB-PJK   Doc # 23   Filed 11/12/09   Pg 4 of 19   Pg ID 1139

in the trial court. The motions were denied on April 15, 2004. On January 24, 2005, petitioner filed

a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the

ineffective assistance of trial and appellate counsel claims raised in his *pro per* brief on appeal and

in his *pro se* habeas petition. Petitioner also sought an evidentiary hearing to develop facts in

support of his claim. On February 23, 2005, the trial court denied the motion, concluding that

petitioner's trial counsel claim had already been decided against petitioner in his direct appeal and

thus was barred by MICH. CT. R. 6.508(D), and that his appellate counsel claim was without merit.

*See People v. Zimmerman*, No. 99-002112-01 (Wayne County, Mich., Cir. Ct. Feb. 23, 2005).

Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan

Supreme Court, raising the following claims:

> I.     DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
>        IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS BY THE
>        DEFICIENT PERFORMANCE OF HIS TRIAL AND APPELLATE
>        COUNSEL.
>
> II.    THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED
>        DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT
>        FIRST CONDUCTING A *GINTHER* HEARING.

The appellate courts denied petitioner's applications for leave to appeal in standard orders, based

on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR

6.508(D)." *People v. Zimmerman*, 477 Mich. 978, 725 N.W.2d 339 (2006); *People v. Zimmerman*,

No. 268409 (Mich. Ct. App. Aug. 16, 2006).

7.     On April 27, 2007, petitioner, through counsel, filed an amended application for the

writ of habeas corpus, again raising the now-exhausted ineffective assistance of trial and appellate

counsel claims raised in his initial petition. Petitioner has also filed a motion for an evidentiary

hearing.

4

8.    Respondent filed his answer to the amended petition on December 3, 2007.  He contends that petitioner's claims are barred by petitioner's procedural default in the state courts.

B.    *Procedural Default*

Respondent first contends that petitioner's claims are barred by petitioner's procedural default in the state courts.  The Court should disagree.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263.  Furthermore, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim."  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

With respect to petitioner's ineffective assistance of trial counsel claim, petitioner raised the claim on direct appeal and the court of appeals addressed the claim on the merits.  *See Zimmerman*, 2002 WL 483428, at *3, slip op. at 3.  To be sure, the court of appeals noted that petitioner had failed to move for a new trial and an evidentiary hearing and thus its review was limited to the

existing record, which it concluded did not support petitioner's ineffective assistance claim. *See id.* While this determination may bear on whether petitioner is entitled to an evidentiary hearing in this Court to develop a factual record in support of his claim, it is not the equivalent of the court of appeals invoking a state procedural rule to bar review of the claim altogether. This is confirmed by the trial court's subsequent ruling on petitioner's motion for relief from judgment, which found that petitioner's trial counsel claim was barred under Rule 6.508(D)(2) because it had already been raised and decided against petitioner on direct appeal, *see Zimmerman*, No. 99-002112-01, at 2, and not on the basis of petitioner's failure to raise the claim under Rule 6.508(D)(3). Because petitioner raised his trial counsel claim on direct appeal and the court of appeals rejected that claim on the merits, the claim itself is not defaulted. Petitioner's entitlement to an evidentiary hearing is a matter which is distinct from the procedural default inquiry.

With respect to petitioner's appellate counsel claim, petitioner raised this claim at the first available opportunity, in his application for leave to appeal in the Michigan Supreme Court. And, again, the trial court rejected this claim on the merits, rather than invoking the procedural bar of Rule 6.508(D)(3). Because petitioner raised this issue at the first available opportunity, it is not procedurally defaulted. *See Whiting v. Burt*, 395 F.3d 602, 610 n.6 (6th Cir. 2005); *Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004); *Riley v. Jones*, 476 F. Supp. 2d 696, 707 (E.D. Mich. 2007) (Lawson, J.). Accordingly, the Court should reject respondent's procedural default arguments.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

6

Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539

7

U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.    *Analysis*

    1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695.

2.    *Petitioner's Entitlement to Relief on the Current Record*

Petitioner contends that his trial counsel was ineffective for failing to meet with him at all

prior to trial and for failing to following his instructions to withdraw his waiver of a jury trial. Petitioner also contends that appellate counsel was ineffective for failing to raise this claim on direct appeal and for failing to advise petitioner, in connection with petitioner's *pro per* supplemental brief, that he needed to move for an evidentiary hearing to develop a factual record in support of his ineffective assistance of trial counsel claim.  On the record as it presently exists, petitioner is not entitled to habeas corpus relief.

It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).  The record itself contains no evidence supporting petitioner's allegations that trial counsel failed to meet with him or that he actually requested that trial counsel withdraw his jury trial waiver. Likewise, the record contains no evidence that appellate counsel failed to meet and confer with him prior to the appeal.  In the absence of such evidence in the record, petitioner cannot meet his burden of establishing that either trial counsel or appellate counsel were ineffective. *See Hutchinson v. Bell*, 303 F.3d 720, 749-50 (6th Cir. 2002).  Further, with respect to appellate counsel, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal.  *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996).  Because petitioner cannot carry his burden with respect to the underlying trial counsel claim, he cannot show that he was prejudiced by appellate counsel's performance on the current record.

3.    *Evidentiary Hearing*

The resolution of petitioner's claims, therefore, turns initially on whether petitioner is entitled to an evidentiary hearing.  In addressing whether an evidentiary hearing is appropriate in

a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2).

### a.  Necessity of an Evidentiary Hearing

In making the determination of whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).  Here, an evidentiary hearing would have the potential to advance petitioner's claims.

With respect to petitioner's appellate counsel claim, petitioner's contention that appellate counsel failed to meet and confer with him prior to the appeal does not in itself state a constitutional claim.  Because the presentation of issues on appeal is a legal matter committed to counsel's discretion, "appointed counsel prosecuting an appeal on an adequate trial record is not constitutionally required to confer with the defendant about legal issues to be presented on appeal." *Rose v. Johnson*, 141 F. Supp. 2d 661, 704 (S.D. Tex. 2001).  Nevertheless, appellate counsel may be deemed deficient for failing to raise "a significant and obvious issue without a legitimate strategic purpose."  *United States ex rel. Franklin v. Gilmore*, 993 F. Supp. 1162, 1163 (N.D. Ill. 1998) (internal quotation omitted), *aff'd*, 188 F.3d 877, 884 (7th Cir. 1999); *see also*, *Moore v. Mitchell*, 531 F. Supp. 2d 845, 906 (S.D. Ohio 2008) (appellate counsel deficient where counsel "omitted a significant issue and . . . there could have been no strategic value in failing to raise it.").  Regardless

11

of whether viewed as a challenge to counsel's failure to raise the ineffective assistance of trial counsel claim or counsel's failure to make sure that petitioner did so properly by requesting an evidentiary hearing, petitioner's allegations if true would establish that appellate counsel was deficient for failing to properly present his ineffective assistance of trial counsel claim on direct appeal. As to prejudice, this prong of the inquiry can be answered only by examining the underlying merit of petitioner's ineffective assistance of trial counsel claim.

Likewise, an evidentiary hearing would have the potential to advance petitioner's trial counsel claim. Petitioner contends that counsel failed to meet and confer with him at all prior to trial. If true, this claim would establish both counsel's deficient performance and could obviate the need for petitioner to demonstrate prejudice. *See Mitchell v. Mason*, 325 F.3d 732, 741-45 (6th Cir. 2003).[2] Further, petitioner contends that counsel was ineffective for failing to heed his request to withdraw petitioner's jury trial waiver. This allegation, if true, likewise would establish that counsel's performance was deficient. Petitioner does not allege that counsel was ineffective for advising him to waive his right to a jury trial. Such advice is the type of strategic decision which is particularly difficult to attack. *See Walendzinski v. Renico*, 354 F. Supp. 2d 752, 757-58 (E.D. Mich. 2005) (Gadola, J.); *cf. Sowell v. Bradshaw*, 372 F.3d 821, 837-38 (6th Cir. 2004). Rather, petitioner contends that regardless of counsel's advice, he determined that he did not wish to waive his jury trial and that he wanted to withdraw his jury trial waiver. Because "the right to a jury is a

---

[2]Subsequent decisions have distinguished or limited *Mitchell*'s presumed prejudice analysis. *See Johnson v. Bradshaw*, 205 Fed. Appx. 426, 432-33 (6th Cir. 2007); *Ivory v. Jackson*, 509 F.3d 284, 295 (6th Cir. 2007); *Willis v. Lafler*, No. 05-74885, 2007 WL 312542, at *29 (E.D. Mich. Oct. 29, 2007) (Edmunds, J., adopting report and recommendation of Komives, M.J.). The Court need not definitively resolve whether *Mitchell* applies here, and I express no opinion on the matter. In determining whether an evidentiary hearing has the *potential* to advance petitioner's claims, it is sufficient that petitioner's allegations, if true, *may* support the application of *Mitchell*'s presumed prejudice analysis.

personal right that the defendant himself must waive," *United States v. Diaz*, 540 F.3d 1316, 1321 (11th Cir. 2008); *see also*, *United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1182-83 (7th Cir. 1983), counsel's failure to follow his wishes with respect to the waiver issue, if true, constitutes ineffective assistance of counsel. *Cf. Todd v. Schomig*, 283 F.3d 842, 850 (7th Cir. 2002) (rejecting claim that counsel was ineffective for failing to seek withdrawal of jury waiver not because such a claim would not be viable, but because petitioner failed to show that he in fact asked counsel to withdraw his jury trial waiver). Further, although petitioner had no constitutional right to withdraw his previously valid jury trial waiver, *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995), there is no reason to believe that the state court would not have allowed withdrawal of the jury trial waiver as a matter of state law, and every reason to believe that the trial court would have allowed the withdrawal. *See People v. Johnson*, No. 253796, 2005 WL 602543, at *5 (Mich. Ct. App. Mar. 15, 2005) (defendant may move to withdraw waiver of jury trial where he does so timely and not for purpose of delay); *cf. People v. Hamm*, 100 Mich. App. 429, 433, 298 N.W.2d 896, 897-98 (1980) (noting "the time-honored premise that the right to jury trial is a high and sacred right, and, thus, the stipulation for the waiver of such right should be strictly construed in favor of preservation of that right.").

For these reasons, the Court should conclude that an evidentiary hearing is necessary under Rule 8 because the facts developed at such a hearing would have the potential to advance petitioner's ineffective assistance of counsel claims.

### b. *Permissibility of an Evidentiary Hearing*

Turning to the second inquiry, the question then becomes whether an evidentiary hearing is permitted in this case under § 2254(e)(2). That section provides that, "[i]f the applicant has failed

13

to develop the factual basis of the a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met. 28 U.S.C. § 2254(e)(2). In *Williams v. Taylor*, 529 U.S. 420 (2000), the Court explained that Congress' use of the term "'failed to develop' implies some lack of diligence[.]" *Id*. at 430. Thus, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 432.

Here, petitioner did not "fail to develop" the factual basis of his appellate counsel claim. As explained above, petitioner's first opportunity to raise that claim came in his application for leave to appeal in the Michigan Supreme Court on direct appeal. In connection with that application, petitioner filed a motion to remand to the trial court for an evidentiary hearing, and the Supreme Court explicitly denied the motion for remand in its order denying petitioner's application for leave to appeal. Further, petitioner twice sought an evidentiary hearing in the trial court in connection with his post-conviction motions, and renewed his requests for an evidentiary hearing in both the Michigan Court of Appeals and Michigan Supreme Court. In these circumstances, petitioner did not "fail to develop" the factual basis of his ineffective assistance of appellate counsel claim. *See McFarland v. Howes*, 356 F.3d 688, 712-13 (6th Cir. 2004); *see also*, *Mayes v. Gibson*, 210 F.3d 1284, 1288 n.2 (10th Cir. 2000) (*Michael Williams* standard satisfied where petitioner "raised the need for an evidentiary hearing" on direct appeal and in collateral review proceedings); *Morales v. Coyle*, 98 F. Supp. 2d 849, 893 (N.D. Ohio 2000) (*Michael Williams* standard satisfied where petitioner "sought an evidentiary hearing in state court, which was denied[.]").

Petitioner's trial counsel claim, however, presents a more difficult question. Under Michigan law, to develop the factual basis of his ineffective assistance of counsel claim petitioner was required

14

to file a motion for a new trial and evidentiary hearing in the trial court or a motion to remand for that purpose in the court of appeals. *See People v. Ginther*, 390 Mich. 436, 443-44, 212 N.W.2d 922, 925 (1973); *People v. Gray*, 125 Mich. App. 482, 486, 336 N.W.2d 491, 493 (1983). Here, neither the court of appeals materials submitted by respondent nor the trial court docket sheet reflects the filing of a motion for an evidentiary hearing or a request for such a hearing in the court of appeals on direct appeal, and the court of appeals expressly relied on this failure in ruling on petitioner's ineffective assistance of trial counsel claim. Petitioner's failure to comply with this state court procedural rule renders his attempt to develop the factual basis of his claim less than diligent. *See Williams*, 529 U.S. at 437 (§ 2254(e)(2) diligence requires "that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."); *Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (petitioner's "failure to comply with [state] law reflects a lack of diligence."). The question then becomes whether petitioner may nevertheless be entitled to an evidentiary hearing based on appellate counsel's alleged ineffective assistance in failing to develop a factual record for these claims.

Under pre-AEDPA law, a petitioner's entitlement to an evidentiary hearing to develop facts which he failed to develop in state court was dependent upon his meeting the cause-and-prejudice test applied to procedural defaults. In *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), the Court held that a habeas petitioner is entitled to an evidentiary hearing only where he can show cause for his failure to fully develop the factual record in the state court and prejudice resulting therefrom. *Keeney*, 504 U.S. at 9-12. It is unclear whether *Keeney* survives the adoption of § 2254(e)(2) in the AEDPA. In *Williams*, the Court held that § 2254(e)(2) codified the *Keeney* diligence requirement, but suggested that the exceptions under § 2254(e)(2) were more stringent than the

cause and prejudice exception set forth in *Keeney*. *See Williams*, 529 U.S. at 433-34.  This language, however, has not prevented two members of the Court from subsequently noting that § 2254(e)(2) "codified *Keeney*'s cause-and-prejudice rule."  *District Attorney's Office for 3d Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2325 (2009) (Alito, J., joined by Kennedy, J., concurring).  The Court need not resolve this conundrum, however, because when constitutionally ineffective assistance of counsel is at issue, a petitioner cannot be said to have "failed to develop" the factual basis of a claim under § 2254(e)(2).

As noted above, under § 2254(e)(2) "failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *Williams*, 529 U.S. at 432.  Where the failure to develop results from constitutionally ineffective assistance, however, the fault is not attributable to the habeas petitioner, or even to his counsel.  As the Supreme Court has explained in the procedural default context, where the Sixth Amendment right to counsel exists the State is constitutionally obligated to provide effective assistance of counsel, and thus attorney errors amounting to constitutionally ineffective assistance are attributable to the State, rather than to the petitioner.  *See Coleman v. Thompson*, 501 U.S. 722, 754 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  As the Supreme Court explained in *Thompson*, "[w]here a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default[.]" *Coleman*, 501 U.S. at 754.  This reasoning should apply equally to § 2254(e)(2): where a petitioner's failure to develop the factual basis of a claim is a result of the denial of the right to effective assistance of counsel, the State is responsible for the failure as a constitutional matter, and thus the State must bear the burden associated with a

16

federal court evidentiary hearing.  In such a case, essentially, it is the State, and not the petitioner, who has exhibited a lack of diligence or some greater fault in failing to develop the relevant facts in state court.

Here, petitioner has made a colorable showing that appellate counsel was ineffective in failing to move for an evidentiary hearing on direct appeal, or in failing to advise petitioner of his need to do so in connection with petitioner's *pro per* supplemental brief, and petitioner is entitled to an evidentiary hearing on his appellate counsel claim.  Because a showing that appellate counsel was ineffective would compel the conclusion that petitioner did not "fail to develop" the factual basis of his trial counsel claim, the claims are inextricably intertwined, and the Court should order an evidentiary hearing with respect to both claims.[3]

E.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's ineffective assistance of counsel claims are not barred by a procedural default, and that petitioner is entitled to an evidentiary hearing with respect to these claims.  Accordingly, the Court should grant petitioner's motion for an evidentiary hearing.  If the Court accepts this recommendation, the Court may conduct the hearing itself or refer the matter to me for that purpose.  *See* Rule 8(b), 28 U.S.C. foll. § 2254.  Because petitioner is currently represented by counsel, the Court need not appoint counsel under

---

[3]If the Court disagrees with my recommendation that petitioner is entitled to an evidentiary hearing on his trial counsel claim but agrees that he is entitled to a hearing on his appellate counsel claim, the evidence at the evidentiary hearing would still include evidence relating to trial counsel's assistance, because appellate counsel's performance must be measured in light of the merit of the underlying trial counsel claim.  The difference would be one of relief: if the Court after a hearing finds that appellate counsel was ineffective, the appropriate relief would be a new appeal for petitioner with the assistance of constitutionally adequate counsel (during which, presumably, petitioner could then seek a *Ginther* hearing on his trial counsel claim in state court), whereas a finding that trial counsel was ineffective would require the State to vacate petitioner's conviction and afford him a new trial.

17

Rule 8(c), 28 U.S.C. foll. § 2254.

If the Court disagrees with my recommendation that petitioner is entitled to an evidentiary hearing under § 2254(e)(2), the Court should deny the petition because the current record fails to demonstrate that petitioner's trial and appellate counsel were constitutionally ineffective.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives_____
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

                                        18

Dated: <u>11/12/09</u>

<div style="border:2px solid black; padding:10px; width:350px;">

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on November 12, 2009.

<u>s/Eddrey Butts</u>
Case Manager

</div>