UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASCHID ZIMMERMAN,

    Petitioner,

v.                                                Case No. 03-60173

BARRY D. DAVIS,                      HON. MARIANNE O. BATTANI

    Respondent.

_____/

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND
GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY**

Through counsel, Petitioner Raschid Zimmerman filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that he was denied effective assistance of counsel by the deficient performance of both trial and appellate counsel during his state court criminal proceedings. (Doc. 11). The Court referred this matter to Magistrate Judge Paul J. Komives for Report and Recommendation (R&R). (Doc. 18). Magistrate Judge Komives issued his R&R, recommending that the Court deny the petition and grant in part and deny in part a certificate of appealability. (Doc. 38). Petitioner objects to the R&R. (Doc. 39). For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, **DENIES** the writ, and **GRANTS in part** and **DENIES in part** a certificate of appealability.

**I.    BACKGROUND**

The factual and procedural background of this case is set forth at length in the R&R. (Doc. 38 2-12). Petitioner does not object to the Magistrate Judge's recitation of the

background facts. Accordingly, the Court incorporates by reference the R&R's "Procedural History" and "Factual Background" sections for the purposes of reviewing Petitioner's objections.

The Magistrate Judge issued a thirty-four page R&R recommending that the Court deny Zimmerman's petition and grant in part and deny in part a certificate of appealability. (Doc. 38). Specifically, the Magistrate Judge recommended that the Court should grant a certificate of appealability only on Petitioner's claim that his trial counsel was ineffective for failing to seek withdrawal of his jury trial waiver. Zimmerman's objections to the R&R are now before the Court. (Doc. 39).

## II.     STANDARD OF REVIEW

### A.     Objections to a Magistrate Judge's Report and Recommendation

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount

to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Habeas Corpus

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or if the state court reaches a substantially different conclusion than the Court based upon a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A

3

federal habeas court may not, however, find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, a habeas petitioner must demonstrate that the state court's application of clearly established federal law to the facts of his case was objectively unreasonable. Price v. Vincent, 538 U.S. 634, 641 (2003).

### III.  ANALYSIS

Petitioner argues the Magistrate Judge erred in concluding that (1) Petitioner is not entitled to a presumption of prejudice on his ineffective assistance of trial counsel claim under United States v. Cronic, 466 U.S. 648 (1984); (2) Petitioner failed to show ineffective assistance of trial counsel under Strickland v. Washington, 466 U.S. 668 (1984); and (3) a certificate of appealability should issue only on the claim that Petitioner's trial counsel was ineffective for failing to seek withdrawal of his jury trial waiver. The Court reviews each objection in the order presented.

#### A.  Ineffective Assistance of Trial Counsel under Cronic

Petitioner argues that trial counsel's failure to meet with him other than for brief periods of time before trial amounted to a constructive denial of counsel, and therefore, he is entitled to a presumption of prejudice under Cronic. (Doc. 39 at 1). To support his "constructive denial" theory, Petitioner contends that his "unrefuted" testimony during the evidentiary hearing shows that in the six months leading up to his trial date, his retained attorney, David Cripps, never took Petitioner's phone calls, never responded to Petitioner's letters, and never met with Petitioner at his prison facility to discuss the evidence and trial strategy. Petitioner also argues that his situation is analogous to the petitioner in Mitchell

v. Mason, 325 F.3d 732 (6th Cir. 2003), a case in which the Sixth Circuit found a "constructive denial" of counsel during the pre-trial period and held that the petitioner was entitled to a presumption of prejudice under Cronic.

Courts typically review an ineffective assistance of counsel claim under the familiar two-pronged approach set forth in Strickland, wherein a defendant must make a showing of both deficient performance and actual prejudice to his case. See, Strickland, 466 U.S. at 687  In Cronic, however, the Supreme Court held that a defendant is entitled to a presumption of prejudice where circumstances arising in a criminal prosecution "are so likely to prejudice the accused that the costs of litigating their effect in a particular case is unjustified." Cronic, 466 U.S. at 658. The Court in Cronic identified three situations where a defendant is entitled to a presumption of prejudicial impact: (1) where the defendant is subject to a "complete denial of counsel," including those situations where a defendant was denied the presence of counsel at a "critical stage"; (2) where defense counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) in situations where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." Id. at 659-60; see also, Bell v. Cone, 535 U.S. 685, 695-96 (2002) (reaffirming Cronic's holding).

The Cronic presumption is a "narrow exception" to the actual prejudice requirement under Strickland. Florida v. Nixon, 543 U.S. 175, 190 (2004); see also, Fusi v. O'Brien, 621 F.3d 1, 7 (1st Cir. 2010) ("Supreme Court precedent dictates our narrow application of the Cronic presumption of prejudice"); Davis v. VanNatta, 438 F.3d 707, 711-712 (7th Cir. 2006) ("The Cronic exceptions, however, are narrow"); Lainfiesta v. Artuz, 253 F.3d 151, 157 (2d Cir. 2001); Cooks v. Ward,165 F.3d 1283, 1296 (10th Cir. 1998).  To fall

5

within the exception, "the attorney's failure must be complete." Bell, 535 U.S. at 697; see also, Moss v. Hofbauer, 286 F.3d 851, 861 (6th Cir. 2002) (Cronic applies "only where the constructive denial of counsel and the associated collapse of the adversarial system is [e]minently clear."). The presumption of prejudice is "reserved for situations in which counsel has entirely failed to function as the client's advocate" and should be applied "infrequently." Nixon, 543 U.S. at 189; see also, Ditch v. Grace, 479 F.3d 249, 256 (3d Cir. 2007) ("A presumption of prejudice applies only in cases where the denial of counsel would necessarily undermine the reliability of the entire criminal proceeding"); Stano v. Dugger, 921 F.2d 1125, 1153 (11th Cir. 1991) ("[T]he burden of proof under Cronic is a very heavy one'"); Toomey v. Bunnell, 898 F.2d 741, 744 n. 2 (9th Cir. 1990) (Cronic presumption is applied "very sparingly").

Petitioner's "constructive denial" of counsel argument falls within the first category of Cronic. The "constructive denial" exception is "very narrow and is rarely applicable." Haynes v. Cain, 272 F.3d 757, 761 (5th Cir. 2001); Glover v. Miro, 262 F.3d 268, 277 (4th Cir. 2001) ("In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel."). In evaluating the reach of this exception, the crucial inquiry is whether counsel's conduct is such that it can be recognized as completely inappropriate in any case, so bad that Petitioner's counsel was not functioning as a lawyer at all. In Ivory v. Jackson, 509 F.3d 284, 295 (6th Cir. 2007), the Sixth Circuit reviewed instances in which counsel had been found constructively absent. The examples included counsel sleeping through critical proceedings, Burdine v. Johnson, 262 F.3d 336, 349 (5th Cir. 2001), expressing contempt and "unmistakable personal antagonism" toward the client in the presence of the jury, Rickman v. Bell, 131 F.3d 1150, 1156-60 (6th Cir. 1997), and

affirmatively declining to present a defense because of an unsound trial strategy, Martin v. Rose, 744 F.2d 1245, 1250-51 (6th Cir. 1984). Thus, the Cronic presumption applies only in cases in which a lawyer fails to carry out his most basic duties as an advocate.

Petitioner is not entitled to a presumption of prejudice under Cronic. Here, Cripps met with Petitioner at least four different times in the attorney interview rooms in the bull pen area. He also met with Petitioner at least once in Wayne County Jail. During those meetings, Cripps had "total discussions about the case" with Petitioner. The state court record further undermines Petitioner's claim that Cripps failed to discuss any substantive aspect of the case before trial. For instance, Cripps filed a notice of alibi defense, argued that defense at trial, argued two pretrial motions, and cross-examined the prosecution's witnesses. The Court agrees with the Magistrate Judge's observation that these actions show a level of preparation that Cripps could not have achieved had he never discussed the merits of the case with his client. Although Petitioner clearly desired more contact with his retained attorney, on the facts presented, the Court cannot say that Cripps was constructively absent from the proceedings.

Mitchell is distinguishable and does not alter this Court's conclusion. In Mitchell, the Sixth Circuit held that the petitioner had been completely denied counsel during the pre-trial stage of his first-degree murder trial and that the case fell within the first category of Cronic. Mitchell, 325 F.3d at 748. Three distinct facts supported the holding in Mitchell: (1) Mitchell's counsel was suspended from the practice of law for the month immediately preceding trial; (2) Mitchell met with counsel for no more than six minutes (spread over three separate meetings) during the seven-month period before trial; and (3) the trial court

repeatedly ignored Mitchell's requests for counsel[1] who would properly prepare a defense. Id. at 742. The Mitchell court expressly confirmed it relied on these particular facts: "[w]hen counsel is appointed but never consults with his client and is suspended from practicing law for the month preceding trial, and the court acquiesces in this constructive denial of counsel by ignoring the defendant's repeated requests for assistance, Cronic governs." Id. at 744. Here, Cripps was not suspended during his representation of Petitioner, Petitioner did not attempt to fire him or retain another attorney, and the record shows that Cripps met with Petitioner on numerous occasions, albeit not as much as Petitioner preferred. The Magistrate Judge did not err in finding that Mitchell's unique facts limit the reach of its holding. Petitioner's objection is overruled and his ineffective assistance of counsel claim is properly analyzed under Strickland.

### B. Ineffective Assistance of Trial Counsel under Strickland

Petitioner contends Cripps was ineffective because he failed to prepare for trial and failed to act on Petitioner's request to withdraw his jury trial waiver. (Doc. 39 at 3). Specifically, Petitioner argues that failing to communicate trial strategy until the day of trial on a first-degree murder charge was not a reasonable trial strategy. He also argues that Cripps should have filed a motion to withdraw Petitioner's waiver of his right to a jury trial.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so

---

[1] Prior to trial, Mitchell wrote six separate letters to the state court requesting new counsel. He also filed a pro se "Motion for Withdrawal of Counsel" which, despite being fully advised of counsel's suspension and overall lack of preparation, the trial court denied without prejudice on the second day of jury selection. Mitchell, 325 F.3d at 735.

as to render the trial unfair and the result unreliable. Strickland, 466 U.S. at 687; Bigelow v. Williams, 367 F.3d 562, 570 (6th Cir. 2004). A petitioner must meet both prongs of the test, but courts are not required to conduct an analysis under both; thus, a court need not address the question of competence if it is easier to dispose of the claim due to the lack of prejudice. Strickland, 466 U.S. at 697; Baze v. Parker, 371 F.3d 310, 321 (6th Cir. 2004); The R&R concluded that Petitioner is not entitled to habeas relief on these claims. (Doc. 38 at 19). The Court agrees.

Regarding the first prong, Petitioner has not established that trial counsel's performance was constitutionally deficient. This Court's scrutiny of counsel's performance is highly deferential, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90; accord, Bigelow, 367 F.3d at 570. Petitioner attempts to rebut this presumption by arguing that counsel's trial strategy was not reasonable because he did not communicate with Petitioner until the day of trial. As discussed above, the record shows that Cripps met with Petitioner at least four times before trial, was thoroughly prepared, and presented a vigorous defense on Petitioner's behalf. Counsel's failure to meet with Petitioner as much as his client wanted does not make counsel's performance unreasonable under the facts of this case.

As for the withdrawal of the jury trial waiver, the Magistrate Judge found that counsel was not ineffective because Petitioner did not show that he actually instructed Cripps to withdraw his waiver and that Cripps failed to follow these instructions. At the evidentiary hearing, Petitioner testified that he told Cripps, well before trial, that he wanted to withdraw his jury trial waiver. The Magistrate Judge concluded that Petitioner was not credible on

this issue because he introduced no letters reflecting such a request, he never complained to the trial court about his purported withdrawal, and at the hearing, Petitioner's counsel did not ask a single question of Cripps relating to whether Petitioner actually requested to withdraw the waiver. The Magistrate Judge also noted that Van Ash's testimony established only that Petitioner indicated to her second thoughts about the decision to waive a jury trial; she did not testify that he definitively expressed his desire to withdraw the waiver, nor did her letter to Cripps indicate that Petitioner wanted to retract the waiver. The Court finds no error in the Magistrate Judge's credibility analysis. Petitioner has failed to demonstrate that counsel was ineffective because his proofs do not show that he actually instructed Cripps to withdraw his jury trial waiver.

Furthermore, even if the Court assumes that counsel's performance was constitutionally deficient in the aspects discussed above, Petitioner's claim fails under the actual prejudice prong of Strickland. On this issue, the objections are nothing more than a string of legal conclusions that counsel's performance was "prejudicial." (Doc. 39 at 5-6). Petitioner makes no effort to rebut the R&R's comprehensive discussion of how Petitioner cannot establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; (Doc. 38 22-30). Petitioner's non-specific objections are overruled and the Court adopts the reasoning and conclusion of the R&R that Petitioner has failed to establish actual prejudice. Accordingly, Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claim.

### C. Ineffective Assistance of Appellate Counsel

The Court finds no objections to the R&R's conclusion that Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim. (Doc. 38 at 30-31). Accordingly, Petitioner has waived his right to *de novo* review of this claim. The Court accepts the Magistrate Judge's recommendation to deny habeas relief on this claim as well.

### D.     Certificate of Appealability

Petitioner furthers only a general objection to the Magistrate Judge's recommendation to deny a certificate of appealability on his ineffective assistance claim based on counsel's alleged failure to prepare for trial. (Doc. 39 at 6). The Magistrate Judge fully addressed the certificate issue. (Doc. 38 at 32-33). Petitioner's general objection does not meet the applicable standard. See, Spencer, 449 F.3d at 725; Miller, 50 F.3d at 380. Accordingly, the objection is overruled and the Court adopts the Magistrate Judge's recommendation to issue a certificate of appealability only on Petitioner's claim that trial counsel was ineffective for failing to seek withdrawal of his jury trial waiver under Strickland.

### IV.    CONCLUSION

For the reasons stated above, the Court **OVERRULES** Petitioner's objections (Doc. 39), **ADOPTS** the Report & Recommendation in its entirety (Doc. 38), **DENIES** the Amended Petition for the Writ of Habeas Corpus (Doc. 11).


Because this decision is adverse to Petitioner, the Court is obliged under Rule 11 of the Rules Governing Section 2254 Proceedings to "issue or deny a certificate of appealability." Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A

COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted).

For the reasons stated in the R&R, the Court concludes that reasonable jurists could debate whether Petitioner's trial counsel was ineffective for failing to seek a withdrawal of Petitioner's jury trial waiver under Strickland. Therefore, the Court **GRANTS** Petitioner a certificate of appealability on this issue and **DENIES** the certificate in all other respects.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani

                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

**DATED: March 30, 2011**

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and electronic filing.

                                      s/Bernadette M. Thebolt
                                      DEPUTY CLERK