**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RASCHID ZIMMERMAN,

      Petitioner,               Civil No. 03-60173-AA
                                 HONORABLE MARIANNE O. BATTANI
v.                          UNITED STATES DISTRICT JUDGE

BARRY DAVIS,

      Respondent,
_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S
ACTIVE DOCKET, (2) DENYING IN PART THE MOTION FOR RELIEF FROM
JUDGMENT [Dkt. 68], and (3) TRANSFERRING IN PART THE MOTION FOR
RELIEF FROM JUDGMENT [Dkt. # 68] AND THE APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS [Dkt. # 69] TO
THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

      Raschid Zimmerman, ("Petitioner"), confined at the Saginaw Correctional

Facility in Freeland, Michigan, has filed a motion for relief from judgment

pursuant to Fed. R. Civ. P. 60(b).  For the following reasons, the Court orders the

Clerk of the Court to reopen the case to the Court's active docket.  The Court will

deny in part the 60(b) motion for relief from judgment.  The Court will also transfer

the Rule 60(b) motion and the related request to proceed without prepaying fees

and costs on appeal to the United States Court of Appeals pursuant to 28 U.S.C.

§ 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. Background

      Petitioner previously filed a petition for writ of habeas corpus, in which he

1

challenged his conviction out of the Wayne County Circuit Court for two counts of second-degree murder, and one count of felony-firearm. This Court quotes verbatim the history of petitioner's prior habeas petition from the Sixth Circuit opinion affirming this Court's denial of the petition for writ of habeas corpus:

## A. Factual Background

In 1999, Petitioner was charged with two counts of first-degree murder and one count of possession of a firearm during the commission of a felony for the February 1999 shooting deaths of Marcel Thomas and Eugene Hill. Upon the recommendation of trial counsel, David Cripps, Petitioner knowingly and voluntarily signed a waiver of jury trial pursuant to Mich. Comp. Laws § 763.3 and Michigan Court Rule 6.402(B). Petitioner asserts, however, that shortly thereafter he sought to withdraw his waiver through his attorney before the bench trial commenced, but that Cripps was non-responsive to his requests. Petitioner discussed his uneasiness about the lack of communication with Cripps and the upcoming bench trial with Anne Claire Van Ash, his attorney for an unrelated matter. Van Ash attempted to contact Cripps on Petitioner's behalf, but was equally unsuccessful. She wrote Cripps a letter in which she stated that Petitioner was having second thoughts about waiving his right to a jury trial, but Cripps never responded to her. Petitioner asserted that he did not speak with Cripps until the day of trial, and it was then that Cripps informed him that his request to withdraw his jury waiver was "too late." (R. 51, at PID # 1349.)

## B. Procedural History

*Trial and Sentence*

After a seven-day bench trial, Petitioner Raschid Zimmerman was convicted on two counts of second-degree murder, in violation of Mich. Comp. Laws § 750.317, for the shooting deaths of Marcel Thomas and Eugene Hill, and on one count of felony possession of a firearm, in violation of § 750.227b. Although there was no physical evidence tying Petitioner to the crimes, two witnesses for the state testified that Petitioner was present at a party hosted by the witnesses and victims, that Petitioner was dressed in a bulletproof vest and was carrying two

2

weapons, and that he began arguing with the victims immediately before the murders occurred. The trial court found the two witnesses credible, but convicted Petitioner of second-degree murder because there was insufficient evidence to establish that the murders were premeditated, as required for first-degree murder. Petitioner was sentenced as a habitual offender to two concurrent terms of thirty to fifty years' imprisonment for the murder convictions, and a consecutive two-year sentence for the possession charge.

*Direct Appeal*

Petitioner appealed his conviction to the Michigan Court of Appeals. His appellate counsel argued a number of evidentiary issues that are not at issue in this appeal. Petitioner submitted a *pro per* brief in connection with his appeal, which asserted several bases for an ineffective-assistance-of-trial-counsel claim. The Michigan Court of Appeals listed the "spurious claims" identified in Petitioner's *pro per* brief:

> Specifically, he argue[d] that his attorney (1) presented no theory of innocence, (2) failed to investigate and present a defense, (3) failed to meet with defendant prior to trial, (4) gave defendant "false 'legal advice'" which caused him to unintelligently waive his right to testify regarding an alibi, (5) failed to impeach prosecution witnesses, and (6) failed to learn from police that witnesses gave differing statements regarding the crime, failed to interview those witnesses and failed to present that evidence to the court. *People v. Zimmerman*, No. 225984, 2002 WL 483428, at *2 (Mich.Ct.App. March 29, 2009). Notably, the list did not specifically mention counsel's alleged failure to seek withdrawal of Petitioner's jury waiver, although Petitioner raised the issue as "incorrect legal advice." (See R. 19, Pet'r Supplemental Br., at PID # 842 ("Incorrect legal advice by the attorney that causes the defendant to waive a legal right (here, the right to jury trial) is ineffective essistence [sic] of counsel.")).

The Michigan Court of Appeals explained that Petitioner failed to move for a new trial or properly seek an evidentiary hearing, thus limiting the court's review to a trial record devoid of any evidence that "his attorney

3

failed to meet with him prior to trial, gave him erroneous legal advice, and failed to adequately investigate the case before trial." *Zimmerman*, 2002 WL 483428, at * 3. Consequently, the state court denied relief for these claims for lack of evidence and determined that the record clearly controverted Petitioner's remaining ineffective-assistance-of-counsel claims.

In May 2002, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising all of the claims presented to the Court of Appeals and a new claim asserting that appellate counsel provided ineffective assistance when counsel failed to assist with his *pro per* brief and failed to raise the ineffective-assistance-of-trial-counsel claim on his behalf. Petitioner sought either reversal of the lower appellate court or remand to the trial court for an evidentiary hearing on the ineffective-assistance-of-counsel claims. The Michigan Supreme Court denied his application and denied the motion to remand. *People v. Zimmerman*, 467 Mich. 895, 654 N.W.2d 327 (2002)(Table).

*Post–Conviction*

In January 2005, Petitioner filed a subsequent motion for relief from judgment before the trial court pursuant to Michigan Court Rule 6.508, and again requested an evidentiary hearing to develop his ineffective-assistance-of-counsel claims, but that motion was also denied. The trial court concluded that Petitioner's ineffective-assistance-of-counsel claims against trial counsel, including the jury-trial-waiver claim, were barred because they had already been adjudicated on the merits by the Michigan Court of Appeals, and that his claims against appellate counsel lacked merit. Both the Michigan Court of Appeals and the Michigan Supreme Court denied relief on appeal. *See People v. Zimmerman*, 477 Mich. 978, 725 N.W.2d 339 (2006); (R. 19, Ex. 18, Mich. Ct. App. Order, PID # 1060).

In August 2003, Petitioner filed a petition for a writ of habeas corpus in federal court, which was held in abeyance by the district court until Petitioner exhausted his available state court remedies. In April 2007, after the denial of his motion for relief from judgment, Petitioner filed an amended habeas petition with claims against both his trial and appellate counsel. Petitioner asserted an ineffective assistance claim against his trial counsel for failing to visit him prior to trial and in

4

connection with the jury-trial-waiver claim, and against his appellate counsel for failing to raise the trial counsel claim on direct appeal on Petitioner's behalf or assist him with his pro per supplemental brief. He also moved for an evidentiary hearing.

The case was referred to a magistrate judge, who recommended granting Petitioner an evidentiary hearing. The magistrate judge determined that the ineffective-assistance-of-trial-counsel claim was rejected on the merits by the Michigan Court of Appeals, and thus, was not procedurally barred. And though an evidentiary hearing may not have been warranted on the ineffective assistance claim against trial counsel standing alone because of Petitioner's failure to diligently pursue the claim in state court, the claim was inextricably intertwined with the ineffective assistance claim against appellate counsel, which merited an evidentiary hearing. The magistrate judge noted that there was no evidence in the existing record to support either claim, so that if the district court were to deny an evidentiary hearing, the petition should also be denied.

No objections to the magistrate judge's report and recommendation concerning the evidentiary hearing were filed, and the district court adopted the report and recommendation in its entirety. An evidentiary hearing was held thereafter before the magistrate judge, who recommended denying habeas relief on all claims. The magistrate judge determined that the jury-trial-waiver claim failed, in part because Petitioner had not established that trial counsel provided constitutionally deficient assistance under the first prong of the *Strickland* inquiry. Specifically, the magistrate judge determined that there was insufficient evidence to prove that Petitioner actually instructed counsel to seek withdrawal of the jury trial waiver. The testimony of Van Ash, Petitioner's attorney for an unrelated matter, established only that Petitioner was having second thoughts about waiving the jury trial, and her letter to trial counsel asserted the same; she did not testify, nor did her letter indicate, that Petitioner definitively asserted his desire to withdraw the jury trial waiver. Moreover, the magistrate judge found that Petitioner was not credible in his testimony in which he claimed that he asked trial counsel to withdraw the jury trial waiver.

In March 2011, over Petitioner's objections to the magistrate judge's findings on the ineffective-assistance-of-trial-counsel claim, the district court expressly affirmed the magistrate judge's credibility determination

5

and adopted the report and recommendation in its entirety to deny the habeas petition.  However, the district court granted a certificate of appealability with respect to the jury-trial-waiver claim only.

Zimmerman v. Booker, 517 F. App'x 333, 334-36 (6th Cir. 2013)(internal footnotes omitted).

The Sixth Circuit affirmed this Court's denial of the petition for writ of habeas corpus, finding that the Michigan Court of Appeals reasonably rejected petitioner's ineffective assistance of counsel claim, because petitioner failed to develop the claim in the state courts and in the absence of any evidentiary hearing in the state courts, there was nothing in the state court record to support petitioner's claim that petitioner's trial counsel disregarded his instruction to withdraw his jury trial waiver. Zimmerman v. Booker, 517 F. App'x at 338. Significantly, for purposes of adjudicating petitioner's Rule 60 motion, the Sixth Circuit further ruled that in light of the Supreme Court's decision in Cullen v. Pinholster, 131 S. Ct. 1388, 1398-1401 (2011), any of the evidence submitted at the evidentiary hearing before Magistrate Judge Paul J. Komives "would not have been relevant" to the Sixth Circuit's "analysis [of petitioner's case] under the AEDPA standard of review." Id.

The United States Supreme Court denied petitioner a writ of certiorari. Zimmerman v. Smith, 134 S. Ct. 620 (2013).

Petitioner has filed a motion for relief from judgment pursuant to fed. R. Civ. P. 60(b).  Petitioner contends that he has newly discovered evidence to show

6

that his trial counsel, David Cripps, committed perjury and a fraud on the court at the evidentiary hearing before Magistrate Judge Komives.  Petitioner specifically alleges that Mr. Cripps falsely testified that he met with petitioner on four occasions prior to trial, when in fact, he had only met with petitioner once prior to trial.  Petitioner claims that Mr. Cripps' fraudulent testimony caused this Court to rely on erroneous or false information in rejecting his ineffective assistance of counsel claim.  Petitioner requests an evidentiary hearing and any other relief.

## II.  Discussion

Petitioner seeks to reopen his case and vacate the original judgment.  The Court directs the Clerk of the Court to reopen the case to the Court's active docket for the purpose of facilitating the adjudication of petitioner's Rule 60 (b) motion. See Heximer v. Woods, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

Petitioner claims that Mr. Cripps testified falsely at the evidentiary hearing before Magistrate Judge Komives concerning the number of times that he met with petitioner prior to trial.  Petitioner claims that Mr. Cripps' alleged perjury constitutes a fraud on the Court.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered

7

evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id., at 532.  A claim of "[f]raud on the federal habeas court," is an "example of such a defect." Id. at 532, n. 5.

Petitioner is not entitled to relief from judgment pursuant to Fed. R. Civ. P 60(b), because petitioner failed to show that a fraud has been committed upon the court.

The elements of fraud upon the court consists of conduct:

1.  on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

Demjanjuk v. Petrovsky, 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit for two reasons.

The first problem with petitioner's "fraud on the court" argument is that

8

other than his conclusory assertions, petitioner has presented no evidence to this Court that Mr. Cripps deliberately testified falsely concerning the number of times that he met with petitioner, so as to entitle petitioner to relief from judgment pursuant to Rule 60(b)(3) based upon a fraud committed upon this Court. See Alley v. Bell, 392 F. 2d 822, 831 (6th Cir. 2004). The evidentiary hearing was conducted on May 19, 2010, over ten years after petitioner's trial. Magistrate Judge Komives, in his report and recommendation, noted that Mr. Cripps testified that: "He did not have any records remaining in his possession regarding his representation of petitioner." Zimmerman v. Davis, No. 5:03-CV-60173, 2011 WL 1233311, at *7 (E.D. Mich. Feb. 17, 2011)(Komives, MJ)(report and recommendation adopted, No. 03-60173, 2011 WL 1233357 (E.D. Mich. Mar. 30, 2011). It is quite possible, given the passage of time, that Mr. Cripps' testimony may have simply been mistaken, as opposed to false.

More importantly, petitioner is unable to show that Mr. Cripps' testimony at the evidentiary hearing before Magistrate Judge Komives was material to the ultimate disposition of his case, in light of the fact that the Sixth Circuit ruled that it could not consider any testimony from the evidentiary hearing in determining whether the Michigan Court of Appeals' rejection of petitioner's ineffective assistance of counsel claim was unreasonable, because none of this evidence had been presented to the state courts. Zimmerman, 517 F. App'x at 338. Even if Mr. Cripps testified falsely at the evidentiary hearing concerning the number of

9

times he visited petitioner prior to trial, petitioner would not be entitled to relief under 60(b) because Mr. Cripps' testimony at the evidentiary hearing was immaterial to the Sixth Circuit's conclusion that the Michigan Court of Appeals had reasonably rejected petitioner's ineffective assistance of counsel claim based on the evidence before that court. See Taylor v. Streicher, 469 F. App'x 467, 468 (6th Cir. 2012).  Accordingly, petitioner is not entitled to relief from judgment based upon a fraud on the court.

To the extent that petitioner has new evidence in support of his ineffective assistance of counsel claims that was not previously available, he must nonetheless obtain permission from the Sixth Circuit before he can obtain habeas relief on the basis of this new evidence.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a

10

second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. Id. at 971; See also In Re Sims, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition, because the motion seeks to advance claims that the Court previously considered and dismissed on substantive, constitutional grounds. See Post v. Bradshaw, 422 F. 3d 419, 424-25 (6th Cir. 2005). Petitioner's Rule 60(b) motion is not simply an attempt to rectify a defect in the habeas corpus proceedings, but instead reasserts the substance of petitioner's ineffective assistance of counsel claims and would constitute an impermissible attack on the Court's previous resolution of the claims on the merits. See Henderson v. Collins, 184 Fed. App'x. 518, 523 (6th Cir. 2006). Moreover, a Rule 60(b) motion which seeks to introduce new evidence in support of habeas claims which had previously been denied qualifies as a second or successive habeas petition. See In Re Bowling, 422 F. 3d 434, 439-40 (6th Cir. 2005)(district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).

11

Petitioner is seeking to introduce new evidence to vindicate his previous ineffective assistance of counsel claims.  Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, See Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), this Court dismissed petitioner's first habeas application on the merits. Petitioner's current motion is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue sua sponte because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See Williams v. Stegall, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

12

## III.  ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The motion for relief from judgment [Dkt. # 68] is **DENIED IN PART**.

(3) The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment [Dkt. # 68] and the related motion to proceed without prepayment of fees and costs on appeal [Dkt. # 69] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

Date:  May 11, 2016                         s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 11, 2016.

                                            s/ Kay Doaks
                                            Case Manager

13